UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
DIANE PARNES,

                            Plaintiff,

          -against-

ANDRES VAZQUEZ,

                            Defendant.
----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
20-CV-1286 (JMA) (SIL)

FILED
CLERK
12/22/2020 3:40 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Pending before the Court is the motion of plaintiff Diane Parnes ("Plaintiff") for default judgment against defendant Andres Vazquez ("Defendant"). For the reasons stated herein, Plaintiff's motion is **GRANTED in part and DENIED in part**.

### I. DISCUSSION

#### A. Defendant Defaulted

Defendant was properly served, but has not answered, appeared, or responded to the instant motion for default judgment, or otherwise defended this action.

#### B. Liability

When a defendant defaults, the Court is required to accept all the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. Id. The Court finds that the allegations in the complaint are sufficient to establish Defendant's liability for

negligent misrepresentation, fraudulent misrepresentation, fraud, fraud in the inducement, breach of fiduciary duty, and unjust enrichment.

The complaint also brings causes of action for a constructive trust and a declaratory judgment. (ECF No. 1 at 9-11.) However, these causes of action do not appear to be the subject of the instant motion for default judgment. As explained below, the only specific relief sought by Plaintiff's motion for default judgment is: (1) an injunction requiring Defendant to provide Plaintiff with the deed to the property; and (2) in the alternative, a money judgment against Defendant in the event that Plaintiff is unable to obtain a deed from Defendant to the property.

### C. Damages

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). The Court may determine that there is a sufficient evidentiary basis for the damages sought by Plaintiff by reviewing affidavits and other documentary evidence. See Cement & Concrete Workers Dist. Council Welfare Fund, v. Metro Found. Contractors Inc., 699 F.3d 230, 234 (2d Cir. 2012).

The Court grants Plaintiff's request for injunctive relief. The Court hereby directs Defendant to immediately provide Plaintiff with a deed to the property located at 242 Mark Tree Road, Centereach, New York that transfers title of the property from Defendant to Plaintiff.

Plaintiff also moves, in the alternative, for a money judgment against Defendant in the amount of the fair market value of the property plus $495,120.00—the purported carrying charges she paid over twenty years—if she is unable to recover the deed from Defendant. Plaintiff has not submitted any evidence of the fair market value of the property or the carrying charges.[1] Accordingly, her alternative request for this additional relief is denied without prejudice.

## II.  CONCLUSION

The Clerk of Court is respectfully directed to enter judgment directing Defendant to immediately provide Plaintiff with a deed to the property located at 242 Mark Tree Road, Centereach, New York that transfers title of the property from Defendant to Plaintiff. Plaintiff is also directed to serve a copy of this Order on Defendant and file proof of service on ECF within seven (7) days. The Clerk of Court is directed to not close this case.

**SO ORDERED.**

Dated:  December 22, 2020
        Central Islip, New York

                                         /s/  (JMA)
                                         JOAN M. AZRACK
                                         UNITED STATES DISTRICT JUDGE

---

[1] Even if Plaintiff had provided the Court with some evidence of the carrying charges she incurred and the fair market value of the property, Plaintiff has not explained, why, as a matter of compensatory damages, Plaintiff would be entitled to recover both amounts.

3